Chief Justice Robertson
delivered the opinion of the Court.
This is a bill in chancery for injoining waste. The plaintiffs in error were the complainants. Two of them sue as infants, by their next friend-, and one of them sues as an infant and person of unsound mind.
The circuit court dismissed the bill on motion, and decreed costs against the plaintiffs.
We shall not consider the merits of the bill, nor examine into the propriety of dismissing it without plea, answer or demurrer, because it does not appear that it was dismissed without the consent of the plaintiffs.
The order of dismission is as follows, “and now, &c. came the parties aforesaid, by their counsel, and on motion, it is ordered by the court, that this cause be dismissed at the complainant’s costs.”
Now we are not bound to infer that the motion was made by the counsel for the defendant, but should rather presume that it was made by the counsel of the plaintiffs.
1st. Because “presumption” should be favorable to ■the correctness of the decree.
2d. It is not probable, that after granting two restraining orders, the circuit court would have dismissed •the bill against the consent of the plaintiffs, and before .any answer had been filed.
We shall not, therefore, disturb the decree -for dis-mission.
But the decree for costs is erroneous.
Costs should not be adjudged against an infant complainant or .plaintiff, but against the “prochein amieP j Tidd’s Practice, 72; Grave vs. Grave, Cro. El. 33; Turner vs. Turner, II Strange, 709; Bingham on Infancy, 123, 130; Cooper’s Equity, 27.
A contrary doctrine is intimated 'in Wilson vs. McGee, II Marshall, 601. But in support of the suggestion intuat case, some.of the foregoing authorities are *163 referred to,; and the}', when scrutinized, will be seen to affirm unequivocally, that costs should not be given against an infant complainant or plaintiff. And we have been unable to find any opposing
The prochein, amirof an iiw fant plnintijy ov complainant,is liable for the cosh of the suit.
Prochein amie of an infant i-i incompetent to- be a witness for the fant.
Monroe, for plaintiffs; Mills and Brown, for defendant.
That the next friend is liable for the costs, is undeniable. It is on this ground alone, that he is not a competent witness for the infant. Unless the next friend be deemed able to pay the costs, he would not be allowed to prosecute the suit. We perceive no reason, therefore, why the infant should also be responsible for costs; an order should be made for the costs against the next friend alone.
A next friend might prosecute a suit without the knowledge or consent of the infant; and this is the principal reason why the next friend, and not the infant, should be liable for the costs. But as this reason does not apply to an infant defendant who is forced into court' by process, therefore, such a defendant, like other defendants, may be liable for costs.
For tlie-reasons suggested, the decree is reversed, and the cause remanded for the proper decree to be entered-
Record condemned because it contains executions, &c. not properly belonging to it.